UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 1:21-mj-00424-ZMF |
| v. : | |
| : | |
| TANNER BRYCE SELLS, : | |
| : | |
| Defendant. : | |

**MOTION TO CONTINUE PRELIMINARY HEARING
AND TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT**

Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3161 (The Speedy Trial Act), the United States, by and through the undersigned Assistant United States Attorney respectfully moves this Court to extend the 30-day time period for filing of the indictment/information by 60 days, and to schedule a preliminary hearing date an additional 60 days out.

This motion is designed to supplement the oral motion and order entered by the Court on May 21, 2021. The United States was unable to reach defense counsel to obtain a stipulation.

The United States submits that good cause exists and request that the indictment return date and the preliminary hearing date be continued for at least another 60 days and that time be excluded from the Speedy Trial clock for the reasons stated herein.

1.  On May 12, 2021, the defendant was charged in a criminal complaint with knowingly entering or remaining in any restricted Capitol building or grounds without lawful authority.

2.  The defendant was arrested in Western District of Oklahoma where he appeared for his initial appearance on May 17, 2021. Sells was released with pretrial conditions.

3.  Sells has appeared before this Court on May 21, 2021, and the Court scheduled a

preliminary hearing before Judge Harvey on July 20, 2021, at 1:00 p.m.  The defendant waived Rule 5.1 time to the Preliminary Hearing, and the Court tolled the speedy trial clock at the request of the parties.

    4.    This is the first request for extension of time.

    5.    Without a continuance or extension, preliminary hearings must be held within 21 days of the initial appearance if the defendant is not in custody.  Fed. R. Crim. P. 5.1(c).  Moreover, without an extension, an indictment or information must be filed within 30 days of the arrest.  18 U.S.C. § 3161(b).

    6.    Continuances of preliminary hearings may be granted with the defendant's consent upon a showing of good cause, taking into account the public interest in the prompt disposition of criminal cases.  Fed. R. Crim. P. 5.1(d).  Moreover, the Speedy Trial Act permits the Court to extend the 30 day period between arrest and indictment if it finds that it would be unreasonable to expect the return within 30-days or because the facts upon which the grand jury must base its determination is unusual or complex.  18 U.S.C. § 3161(h)(7)(B)(iii).

    7.    The United States submits that there is good cause to continue the preliminary hearing, to extend the time for filing the indictment, and to exclude the delay from the Speedy Trial computation on a number of bases.

    8.    The United States submits that the ends of justice served by a continuance and extension outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161 (h)(7)(A).  The government and counsel for the defendant have conferred and are continuing to communicate in an effort to resolve this matter.  The current restrictions on counsel, particularly those impacting the United States' ability to communicate with witnesses due to the pandemic,

have slowed this process.

      a.    As part of the "ends of justice" analysis the Court considers, "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). In this case, it would be unreasonable to expect adequate preparation for a preliminary hearing within 21 days. The United States has diligently been working to collect, review, and process the massive amount of discovery generated from the January 6th riot cases. However, the case presents significant logistical complexity, and the United States is considering additional possible charges beyond those contained in the complaint. Specifically, this case involves thousands of hours of video footage; hundreds of witnesses; and large amounts of records from various sources. Given the complexity of the case, the number of witnesses, the United States requests a continuance so both parties can be prepared for the upcoming hearing. Further, the parties are in the process of negotiating, and the additional time that has been requested would facilitate possible pre-indictment resolution of these charges. The United States need at least another 60 days to prepare.

      b.    For the same reasons outlined above, the delay in filing the indictment is also justified, as it would be unreasonable to expect the return and filing of the indictment within the period specified in section 18 U.S.C. § 3161(b) (within 30 days) because the facts upon which the grand jury must base its determination are unusually complex. *See* 18 U.S.C. § 3161(h)(7)(B)(iii).

   c. Finally, requiring a preliminary hearing within 21 days would deny counsel for the defendant and the undersigned attorney for the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161 (h)(7)(B)(iv). Failure to grant the continuance of the preliminary hearing and the extension of the time for indictment would be likely result in a miscarriage of justice. 18 U.S.C. § 3161 (h)(7)(B)(i).

 9. Mr. Sells will not be prejudiced by the requested continuance and extension in that he is not in custody and agreed at his initial appearance that the time between the hearing and the newly set preliminary hearing and indictment/information return date should be excluded under the Speedy Trial Act.

 10. Accordingly, as already ordered by the Court, the United States requests that the preliminary hearing and the date by which an information or an indictment must be filed be continued for 60 days. The United States submits that "the ends of justice served by the granting of such continuance [will] outweigh the best interests of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A), and requests an order to that end. Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3161, the time from this filing and the new hearing date, shall be excluded in computing the date for speedy trial in this case.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        ACTING UNITED STATES ATTORNEY

    By:  /s/ *Jacob J. Strain*
      JACOB J. STRAIN (UT#:12680)
      Assistant United States Attorney
      555 4th Street, N.W.

               Washington, D.C. 20530
               (801) 524-5682 | Jacob.Strain@usdoj.gov